DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MAIA T. PEREZ (MABN 672328)
Assistant United States Attorney

    150 Almaden Blvd., Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5061
    Email: maia.perez@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> KERI ZHANG WANG, <br>     Defendant. | CASE NO. CR 19-00523 EJD <br><br> UNITED STATES' RESPONSE TO DEFENDANT'S REQUEST TO MODIFY CONDITIONS OF RELEASE <br><br> Date: December 9, 2019 <br> Time: 1:30 p.m. <br> The Hon. Virginia DeMarchi |

The United States of America, by its attorneys, David L. Anderson, United States Attorney for the Northern District of California, and Maia Perez, Assistant United States Attorney, moves this Court to deny Defendant Keri Zhang Wang's Request to Modify Conditions of Release. In support of its opposition the United States states as follows:

**I.      CASE BACKGROUND**

Defendant is a Panamanian citizen currently in the United States on a F1 student visa. The charges in this case arise from Defendant's systematic smuggling of protected turtles from the United States to Hong Kong over a period of more than three years. Defendant has admitted to illegally trafficking approximately 500 turtles amongst approximately 150 packages during this period.

On October 10, 2019, the Grand Jury returned an Indictment charging Defendant with four counts of Smuggling Goods from the United States in violation of 18 U.S.C. § 554, and four counts of Lacey Act False Labeling in violation of 16 U.S.C. §§ 3372(d)(2) and 3373(d)(3)(A)(i).

On October 23, 2019, Defendant made her initial appearance before Judge Edmund F. Brennan of the Eastern District of California.  She was ordered to surrender her passport and was released on an unsecured $20,000 bond.

On October 29, 2019, Defendant appeared before Judge Nathanael Cousins and was arraigned as to the charges.  Her next court appearance is set for January 13, 2020, before Judge Edward Davila.

On December 5, 2019, Defendant filed the instant request to modify the conditions of her release. In her motion, Defendant asks that the Court modify her release to allow her to travel to her home country of Panama to visit her family and attend her brother's high school graduation between December 12, 2019 and January 10, 2020.

II.     **ARGUMENT**

   A.     **18 U.S.C. § 3142(g) Factors**

To determine whether there are conditions of release that will reasonably assure a defendant's appearance as required and the safety of any other person and the community, the Court must consider the following factors under 18 U.S.C. § 3142(g):

   1.     the nature and circumstances of the offense charged;
   2.     the weight of the evidence against the person;
   3.     the history and characteristics of the person, including –
      i.     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceeding; and
      ii.    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
   4.     the nature and seriousness of the danger to any person or the community that would

be posed by the person's release.

**B.     § 3142(g) Factors Weigh Against Modification of Defendant's Pretrial Release**

While Defendant does not pose a danger and has no criminal history, the seriousness of her criminal conduct in this case, her callous disregard for the law and for the treatment of animals over a multi-year period, the substantial weight of the evidence against her, her significant ties to foreign nations, and her minimal ties to the United States all militate against Defendant's international travel request.

### 1.     Nature and Circumstances of the Offense Charged

Defendant is charged with eight felonies for illegally smuggling significant quantities of protected turtles from the United States to Hong Kong via the U.S. Postal Service.  The species trafficked are native to the United States and are protected under the Convention on International Trade in Endangered Species of Wild Flora and Fauna, which lists the turtles in Appendix II (of three) as species that are not necessarily now threatened with extinction but that may become so unless trade is closely controlled.

In order to smuggle the turtles via mail, Defendant placed each turtle inside a sock, such that each turtle was secured and its movement restrained, hindering its ability to move and make noise during its journey overseas.  Defendant further secured the restrained turtles in shoe boxes with packing material, and placed the shoe boxes under other items in larger packages for shipping.  Defendant then labeled the packages as containing toys, crystal balls, and other objects, but did not note that the packages contained turtles.  She then placed each package in the mail for international shipment to Hong Kong.

Defendant did not commit these acts on just one or two occasions; information obtained from the U.S. Postal Service shows that at least seventy-five (75) packages bearing characteristics linked to Defendant were shipped from California to Hong Kong between 2015 and 2019.   Defendant herself has stated that she sent as many as 150 packages containing a total of approximately 500 turtles.  Eleven of these packages were intercepted by law enforcement and were revealed to contain 59 turtles in total, all bound in socks as described above.  Unfortunately, a number of turtles were found suffering from dehydration and were not able to be saved despite the best efforts of law enforcement agents.

### 2.     Weight of the Evidence Against Defendant

The weight of the evidence against Defendant is substantial.  In a recorded interview with law enforcement, Defendant admitted to falsely labeling and illegally smuggling approximately 500 turtles via

roughly 150 packages.  The evidence also includes two videos of Defendant mailing packages that were later intercepted and revealed to contain turtles; during her interview, Defendant identified herself in screenshots of these videos.  Emails obtained via search warrant also demonstrate that Defendant purchased dozens of turtles from an illegal exotic pets dealer and ordered them shipped to her home address in 2016.  Finally, Defendant admitted to writing the labels on the packages that contained turtles.

### 3. History and Characteristics of Defendant

Defendant has no prior criminal history and has appeared at the one court proceeding which has taken place since her pretrial release.  That said, these factors are outweighed by her substantial ties to foreign nations and her minimal ties to the United States.

Defendant is a citizen of Panama and has significant ties to that country:  her family, including her parents and brother, continue to reside there and her parents have significant financial and business interests in Panama.  Defendant also has significant ties to China:  both her parents are from China and at least one is a Chinese citizen, Defendant maintains credit card and other financial accounts with Chinese banks, her email account is maintained by the Chinese email provider qq.com, and her primary language appears to be Mandarin.  Defendant also has contacts in Hong Kong, as evidenced by her criminal conduct in this case and her work with co-conspirators in Hong Kong.

In contrast, Defendant has minimal ties to the United States.  She has only resided at her current address in Elk Grove for approximately 12 months, where she attends the University of the Pacific on a F1 student visa.  Before that, she resided in San Jose for an unknown period.  Defendant resides with her sister in Elk Grove; however her sister presumably has the same foreign ties as Defendant.  Defendant and her sister own their home, which their parents purchased for them in cash in December 2018.  The equity in that home is Defendant's only known real property in the United States and is not by itself significant enough to ensure her return to the United States given her minimal ties to the country.

### 4. Danger to the Community

Defendant does not pose as danger to the community.

### C. Defendant Poses a Significant Risk of Flight and Should Not Be Permitted to Travel Abroad

The United States opposes modification of Defendant's release conditions that would allow her to

travel home to Panama, as Defendant poses a serious risk of flight.

First, Defendant has compelling reason to flee the United States. The evidence of Defendant's guilt is substantial. This is not a situation where a defendant has maintained his innocence and will return to disprove the charges against him. Defendant has *already admitted* to the criminal conduct in this case, greatly increasing the likelihood of her conviction. If convicted, Defendant faces imprisonment up to 20 years and a fine of up to $250,000. She will likely be deported upon her release from prison, preventing her from completing her college degree here. Thus, there is little – if any – incentive for Defendant to return to the United States for schooling, particularly given the substantial likelihood that her return will also result in her conviction and imprisonment.

Second, Defendant has sufficient means to flee the United States, even if it means forfeiting a bond. Defendant's parents are successful business owners in Panama. Their wealth enabled them to purchase Defendant's house in Elk Grove for approximately $650,000 in cash in December 2018. Notably, the Elk Grove home is a second residence for Defendant who also lives in her college dormitory. Defendant is enrolled at a private university, where her parents pay her tuition. On information and belief, Defendant and her sister have also been given newer model vehicles by their family. In sum, Defendant's family appears to have significant financial assets and forfeiture of real property used to secure her bond may not pose nearly the substantial financial setback that it does for other defendants.

Third, Defendant has ample opportunity to flee the United States. She is a Panamanian citizen with significant familial, linguistic and financial ties to Panama and China. This is not a situation where a defendant would be left destitute and exiled from their family and finances in the United States. If Defendant were to flee, she could potentially remain in her home country or pursue other opportunities in China. In contrast, Defendant has minimal ties to the United States: she has little family, community, and assets in the United States.

Finally, Defendant has not presented any compelling reason to permit her travel abroad. She has not raised any hardship, such as a terminally ill relative or significant business purpose for her travel. It is unclear why her family cannot travel to the United States to visit her here. While it is unfortunate she may miss her brother's high school graduation, that event alone does not outweigh the substantial risk of her flight in light of all the considerations noted above.

UNITED STATES' RESPONSE TO DEF'S REQUEST TO MODIFY CONDITIONS OF RELEASE
CR 19-00523 EJD

5

### III. CONCLUSION

In light of these concerns, the United States respectfully moves the Court to deny Defendant's request to modify her release conditions.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: December 6, 2019

_____/s/_____
MAIA T. PEREZ
Assistant United States Attorney